IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| Plaintiff, } | |
| v. } | Case No. 1:16-cv-84 |
| } | |
| VINCE AKINS, } | |
| } | |
| NATALIE AMANI, } | |
| } | |
| COMPTROLLER OF MARYLAND } | |
| } | |
| Defendants. } | |

**DEFENDANT'S MOTION TO DISMISS**

Under Fed. R. Civ. P. 12(b)(1) and (6), Vince Akins respectfully moves for an order dismissing the government's case against him for judgment and foreclosure of federal tax liens. The grounds for this motion are 26 U.S.C. §6213(a) precludes this court from proceeding in a collection when no 26 U.S.C. §6212 notice of deficiency is mailed to the taxpayer's last known address and no deficiency notice was alleged mailed to the defendant. In addition, the government failed to state a claim for which relief can be granted. Furthermore, pursuant to 26 U.S.C. §6501, the three year statute of limitations would bar the plaintif from making a valid tax assessments for taxable years 2008, 2009, and 2010.

Specifically, plaintiff has not alleged sufficient facts to demonstrate that the defendant earned any income for the taxable years 2008, 2009, and 2010. Plaintiff has not alleged sufficient facts to demonstrate that the tax assessments for the taxable years 2008, 2009, and 2010 are valid tax assessments. The government failed to

allege it complied with the pre-requisites to make legal tax assessments and file valid federal tax liens. Furthermore, the government failed to allege it mailed deficiency notices to the defendant's last known address, the dates the statutory notices of deficiency were mailed or the address(es) to which those 26 U.S.C. § 6212 notices were mailed to the defendant. Thus, 26 U.S.C. §6213(a) prohibits this court proceeding for collection of income tax until a section 6212 deficiency notice is mailed to the defendant's last known address. Fed. R. Civ. P. 12(b)(1). Furthermore, no judgment can be granted on illegal tax assessments and no foreclosure can occur on invalid federal tax liens. Consequently, this Court lacks subject matter jurisdiction over this case and plaintiff has failed to state claims for which relief can be granted. Fed. R. Civ. P. 12(b)(1),(6).

WHEREFORE, this case should be dismissed with prejudice.

March 14, 2016                    Respectfully submitted,

/s/ Bruce Gardner_____
Bruce E. Gardner, Esq.
Counsel for Vince Akins
The Gardner Law Firm, P.C.
1101 Pennsylvania Ave NW, Suite 600
Washington, D.C. 20004
Office (202) 271-0552
Fax (301) 249-6234

CERTICATE OF SERVICE

It is certified that defendant Vince Akins, Motion to Dismiss and Memorandum Of Points & Authorities, and a Proposed Order was served on March 14, 2016 in accordance with the Court ECF procedures and by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

Ann Nash
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044

Natalie Amani
11640 White Lane
Ellicott City, MD 21042

Comptroller of Maryland
80 Calvert Street
Annapolis, MD 21404-0466

  /s/ Bruce E. Gardner
Bruce E. Gardner

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| Plaintiff, } | |
| v. } | Case No. 1:16-cv-84 |
| VINCE AKINS, } | |
| NATALIE AMANI, } | |
| COMPTROLLER OF MARYLAND } | |
| Defendants. } | |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS.**

This is a civil action in which plaintiff seeks judgment on federal income tax assessments and to foreclose on federal tax liens against the marital home of Vince Akin, prior to complying with the 26 U.S.C. § 6212 deficiency notice requirements.

IN FURTHER SUPPORT of this motion to dismiss defendant relies upon the following .

1. Plaintiff filed this complaint on January 8, 2016.

2. Plaintiff is married to Natalie Amani and they own a home located at 11640 White Lane, Ellicott City, Maryland 21042 which is held as joint tenants by the entirety.

3. On or about February 23, 2016, defendant was served with a Summons and Complaint in this case.

4. The Summons provides defendant has 21 days after service to file an answer or motion. Under Fed.R.Civ.P.6, additional days are added for mailing and weekends. Accordingly, defendant's response is due on or before March 14, 2016.

5. The taxable years at issue in this case are 2008, 2009, and 2010.

6. On October 26, 2007, a judgment in a criminal case was entered against Vince Akins and he was sentenced to 5 years in the Federal Correctional Institution in Cumberland, Maryland to serve his sentence. **Exhibit A.**

7. Defendant Akins did not earn any income in the taxable years 2008, 2009, and 2010 during his 60 month incarceration at the Federal Correctional Institution at Cumberland.

8. Defendant did not receive any 26 U.S.C §6212 notices of deficiencies related to the 2008, 2009, or 2010 tax years from the IRS while incarcerated at Cumberland.

9. 26 U.S.C §6213(a) provides in pertinent "**no assessment of a deficiency…of any tax**…and **no** levy or *proceeding in court for its collection shall be made, begun, or prosecuted* until [a section 6212 notice] has been mailed to the taxpayer." [emphasis added.].

10. Plaintiff did not allege it mailed Mr. Akins any section 6212 notices of deficiency for the 2008, 2009, or 2010 taxable years, the dates of such mailings, or the address(es) to which such notices were mailed.

11. This Court lacks subject matter jurisdiction to begin or allow plaintiff to prosecute a collection action absent the mailing of the statutory notices of deficiencies to the last address of Mr. Atkins known to plaintiff.

12. The federal income tax assessments that occurred on November 15, 2010, May 9, 2011, and May 30, 2011 for taxable years 2008, 2009, and 2010, respectively. are invalid

since the statute mandates the income tax assessments must be preceded by the section 6212 deficiency notices.

13. 26 U.S.C §6213(a) provided in pertinent part, "**after making of an assessment** of a tax pursuant to section 6203, [IRS shall] *give notice* to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such *person's last known address*." [emphasis added].

14. The complaint fails to allege the date(s), the method of providing Mr. Akins notice of the unpaid income tax debts, or where the required notice was served on him.

15. Compliance with 26 U.S.C §6303 is a pre-requisite to filing federal income tax liens against Mr. Atkins.

16. 26 U.S.C §6321 provides in pertinent part, "If any person liable to pay any tax neglects or refuses to pay the same *after demand*, the amount … shall [result in] a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. [emphasis added.].

17. Mr. Atkins is not indebted to plaintiff because he earned no income while he was incarcerated, plaintiff failed to issue him the 6212 deficiency notices, therefore, the tax assessments were invalid and no federal income tax liens could be legally filed against this taxpayer.

18. The three year statute of limitations stated in 26 U.S.C §6501 precludes plaintiff from now assessing taxes against Mr. Atkins for either the taxable years 2008, 2009, or 2010.

## ARGUMENT

### A. This Court Lacks Subject Matter Jurisdiction Over This Case.

It has been stated that a court's "task in interpreting a statute begins with its language, and, where it is clear, and its import not patently wrong or absurd, our task comes to an end." *In re Orshansky*, 953 A.2d 199, 210 (D.C. 2008). In this case, 26 U.S.C §6213(a) clearly states **no proceeding in court** for collection of income tax shall be made, begun, or prosecuted until a 26 U.S.C §6212 notice of deficiency has been mailed to the taxpayer. Plaintiff did not allege he mailed a notice of deficiency to the taxpayer and therefore this court lacks subject matter jurisdiction to proceed in this case.

### B. The Income Tax Assessments Are Invalid.

26 U.S.C §6212(b) (1) mandates the IRS issue a separate notice of deficiency to each married taxpayers' last known address for the taxable years 2008, 2009, and 2010 before making any income tax assessments for those tax years. *Manko v. Commissioner*, 126 T.C. 195, 200-201 (2006); *Philadelphia & Reading v. U..S,* 944 F.2d 1063, 1072 (3rd 1991); 26 U.S.C §6213(a). The notice of deficiency allows a taxpayer a ninety-day period following the mailing of the notice to seek a redetermination of the deficiency from the U.S. Tax Court without paying the tax. The IRS is precluded from assessing and collecting any tax due during the 90 day period and prior to the issuance of deficiency notice. 26 U.S.C §6213(a)  Plaintiff does not allege that it ever created or issued the mandatory statutory notices to Mr. Atkins' last known address(es), therefore, the November 15, 2010, May 9, 2011, and May 30, 2011 tax assessments are invalid and have not legal effect.  Furthermore, no collection enforcement actions such the federal tax liens and this court proceeding can continue.  26 U.S.C §6213(a).  Thus, plaintiff has not

stated a claim for which this Court can grant relief and this case must be dismissed with prejudice.

## CONCLUSION

This Court should dismiss this case with prejudice and determine the tax assessments plaintiff made are void and the federal tax liens be released.

March 14, 2016

___/s/ Bruce E. Gardner___
Bruce E. Gardner, Esq.
