IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,         *

   Plaintiff,                     *

   v.                             *     Civil Case No. 1:16–00084–JMC

VINCE AKINS, *et al*,              *

   Defendants.                    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The United States brought this action pursuant to 26 U.S.C. § 7403 seeking to reduce to judgment certain federal income tax assessments issued against Defendant Akins and certain trust fund recovery penalty assessments against Defendant Amani. The parties consented to proceed before a magistrate judge for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF Nos. 32, 34). Now pending before the Court are the parties' cross-motions for summary judgment. (ECF Nos. 50, 53). The Court has reviewed the parties' cross-motions as well as the relevant responses and replies. (ECF Nos. 58, 59). No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Defendants' Motion for Summary Judgment, (ECF No. 53), is DENIED and the United States' Motion for Summary Judgment, (ECF No. 50), is GRANTED IN PART and DENIED IN PART.

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden "to demonstrate the

absence of any genuine dispute of material fact." *Jones v. Hoffberger Moving Servs. LLC*, 92 F.Supp.3d 405, 409 (D. Md. 2015) (internal citations omitted). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F.Supp.35 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party, *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)), but must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F.Supp.2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## II. DISCUSSION

In this case, the Government is seeking to reduce to judgment federal income tax assessments against Defendant Vince Akins for 2008, 2009, and 2010 and trust fund recovery penalty assessments against Defendant Natalie Amani for quarters ending in March 2011 and 2012, and to foreclose the related federal tax liens against Defendants' real property located at 11640 Whitetail Lane in Ellicott City, Maryland.

A tax assessment, once it is shown to have been made by the Government, is entitled to a presumption of correctness. *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002) ("It is well

established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court.); *see also United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980) ("This presumption is not limited merely to the amount of the assessment but requires that the taxpayer demonstrate that he was not a responsible person or that his failure to pay the taxes was not willful."). Once so established, the burden then shifts to the taxpayer to come forward with credible evidence showing the assessment is erroneous. *United States v. Janis*, 428 U.S. 433, 440 (1976); *see also U.S. v. Kitila*, Civ. No. DKC–09–0455, 2010 WL 917873, at *3 (D. Md. Mar. 8, 2010) ("[The Government] has supported [its motion for summary judgment] with a declaration and certified records, thus shifting the burden to Defendant to produce evidence refuting the Government's position."). A taxpayer challenging such an assessment must also establish the correct amount, if any, of taxes due. *United States v. Sage*, 412 F.Supp.2d 406, 416 (S.D.N.Y. 2006); *see also Helvering v. Taylor*, 293 U.S. 507, 514–15 (1935). This burden cannot be satisfied merely by self-serving statements from the taxpayer. *Liddy v. Commissioner of Internal Revenue*, 808 F.2d 312, 315–16 (4th Cir. 1986).

The Government has supported its Motion for Summary Judgment, (ECF No. 50), with sworn affidavits from its agents involved in the assessments as well as the sworn deposition testimony of Defendant Akins's accountant, Mr. Bangura, thus shifting the burden to Defendants to provide evidence refuting the Government's position. (ECF Nos. 50–4, 50–5, 50–26). In response, Defendant Akins neither offers evidence that the assessments are incorrect nor evidence of what he contends the correct amount should be. (ECF No. 53). Rather, Defendant Akins now argues that Mr. Bangura did not have his authority to file returns or participate in the audits/assessment calculations for the years in question. (ECF No. 53–1 at 7). However, nothing

in his deposition testimony that he relies upon (which, in turn, cites his interrogatory answers) directly contradicts the Government's evidence on this point, nor Mr. Bangura's own sworn testimony that he has such authority from Defendant Akins. (ECF No. 53–9). Rather, Defendant Akins claims he has no information about the tax assessments, did not file a tax return for the years in question, and received no IRS correspondence regarding the assessments in question.[1] Defendants have not pointed to any testimony wherein Defendant Akins denies that Mr. Bangura had authority to act on his behalf with regard to the tax years in question. Instead, they attempt to make that point by underscoring alleged irregularities in the executed power of attorney and the signatures on the returns themselves.

In the Court's view, these arguments fall short. First, Defendant Akins alleges that the power of attorney for 2008 in favor of Mr. Bangura was "signed" with a stamp and is dated September 27, 2010. There is no dispute, however, that the document is dated during Mr. Bangura's interactions with the IRS, on Defendant Akins's behalf, to deal with other tax years for which Mr. Bangura's authority is apparently not challenged. Rather than undermining Mr. Bangura's authority, this would seem to support it. Second, Defendant Akins states that the copies of his 2009 and 2010 returns provided by the Government in discovery are unsigned "client copies," and that such documents cannot be a legitimate basis for the 2009–2010 assessments. As the Government points out, they are not under an obligation to provide original returns, and the fact that returns for those years were accepted by the IRS is some proof that signed returns were submitted, as they would have been rejected by the IRS otherwise. Mr. Akins's reliance on *Olpin v. Commissioner of Internal Revenue*, 270 F.3d 1297, 1999 (10th Cir. 2001), is misplaced in that the case dealt with the *taxpayer* trying to avoid a tax deficiency by

---

[1] On this point, Defendant Akins was incarcerated during the audit period, although it is unchallenged that the Government sent notices to Mr. Akins's residence, which he shared with his wife at the time.

relying on an unsigned return.  Most importantly, Defendant Akins does not offer any proof that the amounts contained in the returns for the years in question are incorrect.  Therefore, as to the federal income tax assessments against Defendant Akins, the Court will grant the Government's Motion for Summary Judgment and deny Defendants' Motion for Summary Judgment.

As for the trust fund recovery penalties owed by Defendant Amani stemming from federal income and Social Security taxes that were withheld from employees' pay but not, in turn, paid to the IRS, the question turns on whether Defendant Amani was a responsible officer of the Royale Services Corporation ("RSC").  To determine who within a company is a "responsible person," courts undertake a "pragmatic, substance-over-form inquiry" based on the person's position, duties, and authority within the business entity in question.  *Plett v. United States*, 185 F.3d 216, 219 (4th Cir. 1999).  Factors in this analysis include whether the person in question was an officer, controlled the company's payroll, determined which creditors to pay, participated in the company's day-to-day management, had the authority to write checks, and had the ability to hire and fire employees.  *Hagen v. United States*, 485 F.Supp.2d 622, 628 (D. Md. 2007).

The Government argues that its declaration from Agent Thompson, who interviewed Defendant Amani, establishes virtually all of these.  (ECF No. 50–4).  Agent Thompson's declaration is corroborated in part by deposition testimony from Mr. Bangura and Ms. Asante, another officer of the company.  (ECF Nos. 50–26, 58–13, 58–14).  It is also somewhat supported by deposition testimony from Mr. Uwandu, Defendant Amani's accountant.[2]  (ECF No. 58–15).  For her part, Defendant Amani counters that her own affidavit and that of Ms. Wimberly, the company's bookkeeper, contradict the Government's evidence in key respects.

---

[2] Although the Court does not question the veracity of Mr. Uwandu's deposition testimony, it is certainly not a model of clarity.

She also points out that, at least at one point, another individual asserted that he was the president of RSC, according to a 2009 bank signature card.

While the Government has gathered significant evidence supporting its argument, Defendant Amani has presented at least some contradictory evidence. It is not within the Court's role at this stage in litigation to weigh competing evidence or determine which set of witnesses to believe. The "responsible person" test at issue is a balancing test, and Defendant Amani has demonstrated at least as to some of the factors, the evidence is somewhat contradictory. Accordingly, the Court cannot, at this stage, determine as a matter of law that Defendant Amani demonstrated the requisite control so as to open herself to liability for the trust fund recovery penalties. Therefore, as to the trust fund penalties against Defendant Amani, the Court will deny both the Government's Motion for Summary Judgment and Defendants' Motion for Summary Judgment.

## III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, (ECF No. 53), is DENIED and the United States' Motion for Summary Judgment, (ECF No. 50), is GRANTED IN PART as to Count I against Defendant Vince Akins and DENIED IN PART as to Count II against Defendant Natalie Amani. An implementing Order shall follow.

Dated: May 2, 2018                                /s/
                                                                  J. Mark Coulson
                                                                  United States Magistrate Judge